**GARY L. EDWARDS** (SBN 55035)
Attorney at Law
64455 Avenida Cresta
La Jolla, California 92037
Tel: (858) 456-4403

Attorney for Defendant
**JESUS ARMANDO LERMA CASTILLO**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HON. THOMAS J. WHELAN)**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 08CR1795-W** |
| **Plaintiff,** | |
| **v.** | **NOTICE OF MOTIONS AND MOTIONS TO:** |
| **JESUS ARMANDO LERMA CASTILLO,** | **(1) COMPEL DISCOVERY AND PRESERVE EVIDENCE** |
| **Defendant.** | |
| | **DATE: August 25, 2008** |
| | **TIME: 2:00 P.M.** |

**TO: KAREN P. HEWITT, UNITED STATES ATTORNEY AND PETER MAZZA, THE ASSISTANT UNITED STATES ATTORNEY**

**PLEASE TAKE NOTICE**, that on **August 25, 2008**, or as soon thereafter as counsel may be heard, defendant, JESUS ARMANDO LERMA CASTILLO, by and through his attorney, GARY L. EDWARDS, will ask this Court to enter an order granting the motions listed below.

/ / / / /

/ / / / /

**GARY L. EDWARDS** (SBN 55035)
Attorney at Law
64455 Avenida Cresta
La Jolla, California 92037
Tel: (858) 456-4403

Attorney for Defendant
**JESUS ARMANDO LERMA CASTILLO**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HON. THOMAS J. WHELAN)**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** v. **JESUS ARMANDO LERMA CASTILLO,** **Defendant.** | **Case No. 08CR1795-W** <br> **NOTICE OF MOTIONS AND MOTIONS TO:** <br> **(1) COMPEL DISCOVERY AND PRESERVE EVIDENCE** <br> **DATE: August 25, 2008** <br> **TIME: 2:00 P.M.** |

**TO: KAREN P. HEWITT, UNITED STATES ATTORNEY AND PETER MAZZA, THE ASSISTANT UNITED STATES ATTORNEY**

**PLEASE TAKE NOTICE**, that on **August 25, 2008**, or as soon thereafter as counsel may be heard, defendant, JESUS ARMANDO LERMA CASTILLO, by and through his attorney, GARY L. EDWARDS, will ask this Court to enter an order granting the motions listed below.

/ / / / /

/ / / / /

**GARY L. EDWARDS** (SBN 55035)
Attorney at Law
64455 Avenida Cresta
La Jolla, California 92037
Tel: (858) 456-4403

Attorney for Defendant
**JESUS ARMANDO LERMA CASTILLO**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HON. THOMAS J. WHELAN)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JESUS ARMANDO LERMA CASTILLO,**<br><br>**Defendant.** | ) | **Case No. 08CR1795-W**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO:**<br><br>**(1) COMPEL DISCOVERY AND PRESERVE EVIDENCE**<br><br>**DATE: August 25, 2008**<br>**TIME: 2:00 p.m.** |

**I.**

**<u>MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE</u>**

Defendant moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care or knowledge of any "closely related investigative [or other] agencies." See, <u>United States v. Bryan</u>, 868 F. 2d 1032 (9th Cir. 1989).

**1. The Defendant's statements**.

The government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to and Miranda warnings, which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

**2. Arrest reports, notes and dispatch tapes**.

The defendant also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1(A) and Brady v. Maryland, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. See, Fed. Crim. P. 16(a)(1)(B) and ©), Fed. R. Crim. P.26.2 and 12(1).

**3. Brady material**.

The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bradley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

**4.** **Any information that may result in a lower sentence under the Guidelines**.

The government must produce this information under Brady v. Maryland. This request includes any cooperation or attempted cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

**5.** **The defendant's prior record**.

Defendant requests disclosure of her prior record. Fed. R. Crim. P. 16(a)(1)(B).

**6.** **Any proposed 404(b) evidence**.

The government must produce evidence of prior similar acts under Fed. R. Crim.P. 16(a)(1)©) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution. . . shall provide reasonable notice in advance of trail . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests such notice two weeks before the motion in limine hearing in order to give the defense time to adequately investigate and prepare for motions in limine and trial.

**7.** **Evidence seized**.

The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim.P. 16(a)(1)©).

**8.** **Request for preservation of evidence**.

The defendant specifically requests the preservation of all dispatch tapes or any other physical evidence that may be destroyed, lost or otherwise put out of possession, custody or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes but is not limited to any samples of narcotics to run any scientific tests, any narcotics, the results of any fingerprint analysis, the vehicle which the defendant drove,

the defendant's personal effects, the global positioning device and records and any evidence seized from the defendant or any third party.

In addition, defendant requests that the Assistant U.S. Attorney assigned to the case oversee a review of all personnel files of each agent involved in the present case for impeachment material. Kyles v. Whitley, 115 S.Ct. 1555 (1995); United States v. Henthorn, 931 F. 2d 29 (9th Cir. 1991); United States v. Lacy, 896 F. Supp. 982 (N.D. Ca. 1995); but see United States v. Herring, 83 F. 3d 1120 (9th Cir. 1996).

**9. Tangible objects.**

The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprints analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained form or belong to the defendant. Fed. R. Crim. P. 16(a)(1)©). Specifically, the defendant requests copies of all photographs in the government's possession of the alleged narcotics. In addition, the defendant requests a copy of the form containing the Miranda warnings allegedly read to him.

**10. Expert witnesses.**

The defendant requests the name, qualifications and a written summary of the testimony of any person that the government intends to call as an expert witness during its case-in-chief. Fed. R. Crim. P. 16(a)(1)(E).

**11. Evidence of bias or motive to lie.**

The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his testimony.

**12. Impeachment evidence.**

The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has

made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613; Brady v. Maryland.

**13. Evidence of criminal investigation of any government witness.**

The defendant request any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

**14. Evidence affecting perception, recollection, ability to communicate or truth telling.**

The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

**15. Witness addresses.**

The defendant requests the name and last known address of each prospective government witness. The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.

**16. Name of witnesses favorable to the defendant.**

The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify his or who was unsure of his identity, or participation in the crime charged.

**17. Statements relevant to the defense.**

The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

**18. Jencks Act Material.**

The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. §3500. Advance production will avoid the possibility of delay at the request of defendant to investigate

the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under Section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United State v. Boshell, 952 F. 2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over the interview notes with the subject of the interview the notes are subject to the Jencks Act.

**19. Giglio information.**

Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

**20. Agreements between the government and witnesses.**

The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present or future compensation, or any other kind of agreement or understanding including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, State and/or local).

This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

**21. Informants and cooperating witnesses.**

The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against defendant. The government must disclose the informant's identity and location as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Rovario v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

**22.** **Bias by informants or cooperating witnesses**.

The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

**23.** **Residual request**.

Defendant intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Defendant requests that the government provide him and his attorney with the above-requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

**II.**

**CONCLUSION**

For the reasons stated above, defendant moves this Court to grant his motions.

Respectfully submitted,

Dated: July 10, 2008

/S/ GARY L. EDWARDS
GARY L. EDWARDS
Attorney for Defendant
JESUS ARMANDO LERMA CASTILLO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESUS ARMANDO LERMA CASTILLO<br>Defendant. | Case No.: 08CR1795-W<br><br>PROOF OF SERVICE |

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a years,and not a party to the within action. My business address is:

64455 Avenida Cresta
La Jolla, California 92037

On July 10, 2008, I served the foregoing document described below as:

NOTICE OF MOTIONS AND MOTIONS TO: (1) COMPEL DISCOVERY AND PRESERVE EVIDENCE
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO: (1) COMPEL DISCOVERY AND PRESERVE EVIDENCE

By the following method:

( ) **BY MAIL**
By mailing (by first class mail, post prepaid) copies to parties named below by delivering a true copy thereof enclosed in a sealed envelope to a representative of the U.S. Post Office.

( ) **BY FACSIMILE AND MAIL**

I declare that I served the above named documents by faxing the documents during usual office hours and thereafter mailing (by first class mail, post prepaid) copies to all parties by delivering a true copy thereof enclosed in a sealed envelope to a representative of the U.S. Post Office.

The fax number I used (sent to) is listed below and the facsimile machine I used reported no error.

( ) **<u>BY PERSONAL SERVICE</u>** I placed a true copy of the above documents in a sealed envelope clearly labeled to identify the attorney for the party being served, and personally delivered by hand leaving a copy with the receptionist or other person in charge at the office of each address named below.

Received in their stead: ______________________________at: ________

**(x) CM/ECF filing.**

Electronic filing with the Office of the Clerk, United States District Court, Southern District of California

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 10, 2008, at San Diego, California.

/S/ GARY L. EDWARDS